*Hu v. Lynch*

BIA
Wright, IJ
A200 171 298

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of May, two thousand fifteen.

PRESENT:
    GUIDO CALABRESI,
    ROBERT D. SACK,
    GERARD E. LYNCH,
        *Circuit Judges.*
_____

LINZAI HU,
        *Petitioner,*

    v.                                          14-2419
                                                NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.**
_____

FOR PETITIONER:            Gang Zhou, New York, New York.

_____

* Pursuant to Fed. R. App. P. 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric Holder, Jr.

**FOR RESPONDENT:**          Joyce R. Branda, Acting Assistant Attorney General; Melissa Neiman-Kelting, Senior Litigation Counsel; Anna Nelson, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Hu, a native and citizen of China, seeks review of a June 16, 2014, decision of the BIA affirming a December 11, 2012, decision of an Immigration Judge ("IJ") denying Hu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Linzai Hu,* No. A200 171 298 (B.I.A. June 16, 2014), *aff'g* No. A200 171 298 (Immig. Ct. N.Y. City Dec. 11, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable

2

standards of review are well established.  *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008).

For asylum applications governed by the REAL ID Act, such as Hu's, the IJ may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, candor, or responsiveness, and inconsistencies in her statements and other record evidence, without regard to whether they go "to the heart of the applicant's claim."  8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-65.  We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling."  *Xiu Xia Lin*, 534 F.3d at 167. Here, a totality of the circumstances, including Hu's demeanor and inconsistent, implausible testimony, support the agency's adverse credibility determination.

In this case, Hu alleged that she was subjected to a forced abortion under China's coercive family planning policies.  The IJ reasonably relied on Hu's demeanor in finding her not credible, noting that her testimony lacked detail, was

3

emotionless, and "appeared as if she was testifying or reciting from a script." We afford particular deference to the trier of fact's assessment of demeanor. *Dong Gao v. BIA*, 482 F.3d 122, 126-27 (2d Cir. 2007). Hu did not provide any details regarding the abortion itself during her testimony. The IJ also reasonably noted that some of Hu's statements regarding the events in China were almost identical to her personal statement. For example, she used the terms "pregnancy test paper" and "test papers for pregnancy" in both her statement and hearing testimony, lending support to the IJ's concerns that Hu was reciting from a script.

The IJ's demeanor finding was further supported by inconsistencies in Hu's testimony. We "can be . . . more confident in our review of observations about an applicant's demeanor where . . . they are supported by specific examples of inconsistent testimony." *Li Hua Lin v. U.S. Dep't of Justice,* 453 F.3d 99, 109 (2d Cir. 2006). Hu testified that she left China in December 2010 and entered the United States in November 2010. She then corrected herself and testified that she entered the United States in December 2010 and left China in November 2010. Hu also testified that she last saw

4

a physician in June 2010, but later stated that she also had a physical examination in November 2010. Hu further stated that she spoke with her uncle only once in October 2010, but her uncle testified that he spoke with Hu twice. While these inconsistencies are relatively minor, the agency was entitled to rely on their cumulative effect. *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006).

The agency also reasonably found Hu's claim that her abortion was forced implausible. Her testimony was inconsistent with a medical document stating "[p]eriod stopped for 68 days, requested to end pregnancy," which the IJ reasonably interpreted as suggesting that the abortion was voluntary. Furthermore, Hu did not hide after she discovered her pregnancy, but stayed home with her parents, requested leave from employment, and opened the door when the family planning officials knocked. The IJ reasonably noted that family planning officials would likely look for Hu at home, and thus Hu's actions did not support her assertion that she was "in hiding." *See Xiu Xia Lin*, 534 F.3d at 168 (stating that an IJ may "evaluate an applicant's credibility in light of the

'inherent plausibility'" of the applicant's account (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

Given Hu's demeanor and inconsistent, implausible testimony, substantial evidence supports the agency's adverse credibility determination, which provided an adequate basis for denying her asylum, withholding of removal, and CAT relief. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167; *see also Paul v. Gonzales*, 444 F.3d 148, 155-57 (2d Cir. 2006). Because the IJ's adverse credibility determination is supported by substantial evidence, we need not review the IJ's additional findings that Hu's asylum application was not timely and that she failed to sufficiently corroborate her claim, both of which were not considered by the BIA.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk